UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cr-00090-TWP-MJD |
| | ) |
| KRISTOPHER MCDONALD | ) |
| a/k/a BARONE SANTIAGO | ) |
| a/k/a SOLJA, | ) -01 |
| | ) |
| Defendant. | ) |

### ORDER ON THE GOVERNMENT'S MOTIONS *IN LIMINE*

This matter is before the Court on the Government's Motions *in Limine*. (Filing No. 160; Filing No. 161; Filing No. 162; Filing No. 163). For following reasons, the Court will **defer** ruling on the Government's first motion, and the remaining motions *in limine* are **granted.**

### I.   BACKGROUND

This matter is set for jury trial, commencing on May 5, 2025 (with jury selection to begin on May 2, 2025). Defendant Kristopher McDonald ("McDonald") is charged in a ten-count Superseding Indictment with eight of the counts: Count One: Violent Crimes in Aid of Racketeering Activity; Count Two: Possessing, Brandishing, and Discharging a Firearm During a Crime of Violence; Count Three: Possession of a Firearm by a Convicted Felon; Count Four: Sex Trafficking by Force, Fraud, or Coercion; Count Five: Sex Trafficking by Force, Fraud, or Coercion; Count Eight: Enticing an Individual to Travel in Interstate Commerce to Engage in Prostitution; Count Nine: Interstate and Foreign Travel or Transportation in Aid of Racketeering Enterprises; and Count Ten: Interstate and Foreign Travel or Transportation in Aid of Racketeering Enterprises. (Filing No. 32). In particular, the Superseding Indictment alleges that McDonald was

the leader of a criminal enterprise engaged in racketeering activity, as defined in 18 U.S.C. §§ 1959(b)(1), 1961(1), including acts of sex trafficking and a murder. *Id*.

## II. LEGAL STANDARD

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in limine." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The Court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

## III. DISCUSSION

### A. The Government's First Motion *in Limine*

The Government first requests that the Court make an initial ruling regarding the use of McDonald's 2014 conviction for possession of a controlled substance pursuant to Federal Rule of Evidence 609. (Filing No. 160 at 3). The Defendant did not respond to this motion.

Under Rule 609, the following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:

> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
> . . .
>
> > (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and

2

> (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement.
>
> (b) **Limit on Using the Evidence After 10 years**. This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:
>
>> (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
>>
>> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Fed. R. Evid. 609. So, within the ten-year lookback period, the conviction's probative value must outweigh the prejudicial effect. And beyond ten years, the conviction's probative value must *substantially* outweigh the prejudicial effect. A limiting instruction which tells the jury that the prior convictions may only be used in determining the credibility of the defendant reduces the prejudicial effect of admission. *United States v. Redditt*, 381 F.3d 597, 601 (7th Cir. 2004).

In 2014, McDonald was convicted of possession of a controlled substance in Hancock County, Mississippi, and sentenced to twelve years' imprisonment, 3 years executed and 9 suspended (Filing No. 160 at 3). The Government proffers that McDonald was revoked on May 23, 2016, and sentenced to 9 years executed. *Id*. The Government does not state the date when McDonald was released from confinement and fails to explain how evidence of this conviction is relevant to the instant prosecution. More importantly, the Government makes no argument balancing the probative value of this evidence against the prejudicial effect of its admission. Therefore, the Court will **defer** ruling on this Motion until the upcoming final pretrial conference. At the final pretrial conference, the Government should be prepared to argue relevancy and probative value of this evidence against its prejudice.

3

B. **The Government's Second Motion** *in Limine*

Next, the Government seeks to preclude any reference to the potential punishment the Defendant may face should he be convicted. (Filing No. 161). The Defendant did not respond to this motion. In general, "when a jury has no sentencing function, it should be admonished to reach its verdict without regard to what sentence might be imposed." *Shannon v. United States*, 512 U.S. 573, 579 (1994) (citations and quotation marks omitted). Moreover, "[t]he authorities are unequivocal in holding that presenting information to the jury about possible sentencing is prejudicial." *United States v. Reagan*, 694 F.2d 1075, 1080 (7th Cir. 1982) (citations and quotation marks omitted); *see also United States v. McKenzie*, 922 F.2d 1323, 1327 (7th Cir. 1991) ("The Sixth Amendment requires that a jury determine questions of guilt or innocence; punishment is the province of the Court").

The Seventh Circuit plainly prohibits references to potential punishment, and the Court agrees with the Government that the potential penalties McDonald faces are irrelevant to the jury's determination of guilt or innocence. Therefore, the Court **grants** the Government's Second Motion *in Limine*. Defendant is precluded from making any references to the potential punishments he may face.

C. **The Government's Third Motion** *in Limine*

The Government next seeks to preclude Defense counsel from requesting discovery or otherwise commenting on discovery matters in the presence of the jury. (Filing No. 162). The Defendant did not respond to this motion. The Court **grants** the Government's Third Motion *in Limine*. All comments relating to the discovery process and requests for additional discovery are to be resolved pretrial, outside the presence of the jury. This does not preclude McDonald from addressing the adequacy or inadequacy of the Government's evidence.

### D. The Government's Fourth Motion *in Limine*

Finally, the Government moves unopposed to preclude the Defendant from making a so-called "Golden Rule" appeal. (Filing No. 163). A "Golden Rule" appeal asks the jury to "put itself in the defendant's position." *United States v. Roman*, 492 F.3d 803, 806 (7th Cir. 2007). The Seventh Circuit has consistently held that such appeal "is universally recognized as improper because it encourages the jury to depart from the neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *Id.* (citing *United States v. Teslim*, 869 F.2d 316, 328 (7th Cir. 1989)).

The Court therefore finds that making a Golden Rule appeal would be improper and **grants** the Government's Fourth Motion *in Limine*. Defendant is precluded from asking the jury to put itself in his shoes and from making any similar arguments during the trial.

### IV.   CONCLUSION

For the foregoing reasons, the Court will **defer** ruling on the Government's First Motion *in Limine* until the final pretrial conference (Filing No. 160). The Government's remaining Motions *in Limine*, (Filing No. 161; Filing No. 162; Filing No. 163), are **granted**.

**SO ORDERED**.

Date:  4/14/2025

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bradley.blackington@usdoj.gov

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
michelle.brady@usdoj.gov

Charles C. Hayes
HAYES RUEMMELE LLC
charles@chjrlaw.com

Jane Ruemmele
HAYES RUEMMELE LLC
jane@chjrlaw.com