UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:24-cr-00090-TWP-MJD |
| KRISTOPHER MCDONALD<br>  a/k/a BARONE SANTIAGO<br>  a/k/a SOLJA, | ) ) ) ) -01 |
| Defendant. | ) ) |

**ORDER ON DEFENDANT'S PRETRIAL MOTIONS**

This matter is before the Court on Defendant Kristopher McDonald's ("McDonald") Motion for Constitutionally Required Disclosure of Impeachment Evidence of Cooperating Witnesses ("*Brady* Motion") (Filing No. 152) and Motion *in Limine* (Filing No. 153). For the following reasons, McDonald's *Brady* Motion is granted, and his Motion *in Limine* is **granted in part** and **denied in part**.

## I.     BACKGROUND

This matter is set for jury trial, commencing on May 5, 2025 (with jury selection to begin on May 2, 2025). McDonald is charged in a ten-count Superseding Indictment with eight of the counts: Count One: Violent Crimes in Aid of Racketeering Activity; Count Two: Possessing, Brandishing, and Discharging a Firearm During a Crime of Violence; Count Three: Possession of a Firearm by a Convicted Felon; Count Four: Sex Trafficking by Force, Fraud, or Coercion; Count Five: Sex Trafficking by Force, Fraud, or Coercion; Count Eight: Enticing an Individual to Travel in Interstate Commerce to Engage in Prostitution; Count Nine: Interstate and Foreign Travel or Transportation in Aid of Racketeering Enterprises; and Count Ten: Interstate and Foreign Travel or Transportation in Aid of Racketeering Enterprises. (Filing No. 32). In particular, the

Superseding Indictment alleges that McDonald was the leader of a criminal enterprise engaged in racketeering activity, as defined in 18 U.S.C. §§ 1959(b)(1), 1961(1), including acts of sex trafficking and a murder. *Id*. As relevant here, he allegedly recruited Shyanne Williams ("Williams") and Isabella Teague ("Teague") to engage in commercial sex trafficking by providing them with crack cocaine "to make them addicted and dependent up on him for more drugs." *Id.* at 3.

## II. LEGAL STANDARD

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in limine." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The Court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

## III. DISCUSSION

### A. Defendant's *Brady* Motion

McDonald first moves the Court to order the disclosure of impeachment evidence that is material to his defense pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972). (Filing No. 152). Specifically, McDonald requests that the Court order the Government to disclose the cooperating witnesses' plea agreements; any benefits the cooperating witnesses may have received in exchange for their testimony; their parole, probation,

2

or custodial status between the date of the offense and their testimony; prior criminal convictions; and any prior arrests involving dishonesty or false statements. (Filing No. 152 at 3). The Government objects, arguing it has no obligation to disclose impeachment evidence before trial, and that some of the requested evidence – namely, evidence of arrests – is not admissible for impeachment purposes. (Filing No. 172 at 4).

Pre-trial discovery is authorized by Federal Rule of Criminal Procedure 16. Rule 16(a)(1)(E) provides:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, building or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and: (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E).

Under Rule 16(a)(1)(E)(i), information that is relevant to the impeachment of cooperating witnesses, including plea agreements or benefits received in exchange for testimony, is material to the preparation of the defense, and McDonald is entitled to its disclosure prior to trial. *See, e.g.*, *United States v. Williams*, 792 F. Supp. 1120, 1131 (S.D. Ind. 1992). Indeed, the Government acknowledges its continuing duty to disclose exculpatory and impeachment evidence and states that it intends to disclose information bearing on the credibility of its witnesses by April 28, 2025. (Filing No. 172 at 4). In accordance with Rule 16 – and pursuant to the Court's "inherent power to promote the proper administration of criminal justice," *United States v. Jackson*, 508 F.2d 1001, 1006 (7th Cir. 1975) – this Court previously ordered the Government to supplement its witness and exhibit lists to include the names of its cooperating witnesses and the exhibits which facially identify cooperating witnesses on or before April 28, 2025. (Filing No. 107). The Court now clarifies that this includes any evidence that is potentially exculpatory or relevant to the

impeachment of the cooperating witnesses. The motion is **granted** in that the Government is **ordered** to disclose legitimate impeachment materials by April 28, 2025.

With respect to Defendant's request for evidence of the witnesses' arrest records, the Government rightly notes that arrest records are generally inadmissible for impeachment purposes. *Barber v. City of Chicago*, 725 F.3d 702, 709 (7th Cir. 2013). The Government is also correct that Rule 609 of the Federal Rules of Evidence permits the admission of certain criminal *convictions* as the basis for impeachment. However, Rule 608(b) allows inquiry into specific instances of conduct bearing on a witness' character for truthfulness (though not extrinsic evidence), including the facts that formed the basis of a prior arrest. *See id.*; Fed. R. Evid. 608(b). To the extent McDonald plans to impeach the witnesses with facts surrounding certain arrests, the specific request for evidence of arrests involving dishonesty or false statements is **granted,** in that the Government is **ordered** to disclose such information within its possession, custody, or control no later than April 28, 2025. If necessary, the Government may then file a motion *in limine* pursuant to Rule 608 by April 28, 2025.

**B.  Defendant's Motion *in Limine***

McDonald moves *in limine* to exclude several categories of evidence and arguments. (Filing No. 153). The Government has responded to each category, and the Court will address each argument in turn.

**1.  Photos of or references to other women**

First, McDonald moves to exclude "[p]hotos or references to other women, who are not alleged to be victims in this case." (Filing No. 153 at 1). The Government rightly argues that this request is overbroad and underdeveloped, precluding a determination that this evidence clearly is

4

not admissible for any purpose. (Filing No. 183 at 4). Thus, the broad request to prohibit photos of or references to women not alleged to be victims is **denied**.

### 2. Any crime not charged in this case

Second, McDonald moves to prohibit evidence of any crime that is not charged in this case. (Filing No. 153 at 1). The Government has indicated that it does not plan to introduce evidence of other crimes, wrongs, or acts under Rule 404(b) of the Federal Rules of Evidence. (See Filing No. 151). This request is broad and so underdeveloped that the Court cannot determine, at this juncture, whether evidence of other crimes is inadmissible for any purpose. However, because the Government agrees that it will not offer any Rule 404(b) evidence, the request related to 404(b) evidence is **granted**.

To the extent McDonald wishes to exclude evidence of other *convictions*, that request is **granted in part** and **denied in part**. The Government does not intend to offer evidence of McDonald's prior convictions, with one exception. (Filing No. 183 at 5). The Government has moved to introduce evidence of one of McDonald's prior convictions under Federal Rule of Evidence 609. (Filing No. 160). Defense counsel did not respond to that request.

In the Government's First Motion *in Limine* (Impeachment of Defendant Pursuant to Rule 609 of the Federal Rules of Evidence), the Government seeks to admit McDonald's October 6, 2014 conviction for Possession of Controlled Substance. *Id*. at 3. However, the Government does not explain "if the probative value of the evidence outweighs its prejudicial effect to that defendant." F.R.E. 609(a)(1)(B). Accordingly, the motion *in limine* is **granted** with respect to McDonald's prior convictions, except for the 2014 conviction for Possession of Controlled Substance. For now, the motion *in limine* is **denied** with respect to the 2014 conviction. The Court will defer ruling on the Government's Rule 609 motion until the relevance of the prior conviction

and its potential prejudicial effect can be determined, either at a hearing during the final pretrial conference or in context during the trial.

### 3. An outstanding warrant for McDonald's arrest at the time of his arrest for the instant offense

Third, McDonald seeks to prohibit evidence of "[a]n outstanding warrant for Kris at the time of his arrest." (Filing No. 153 at 1). The Government does not object to the exclusion of this evidence. The Court **grants** Defendant's motion with respect to evidence of any outstanding warrants at the time of his arrest for the instant offenses.

### 4. Details of McDonald's arrest in Plantation, Florida

Fourth, McDonald asks the Court to exclude "[a]ny details of his arrest in Plantation FL, including but not limited to whether he was 'pimping' or 'trafficking' in that situation." (Filing No. 153 at 1). The Government proffers that McDonald was arrested in June 2024 after officers found him at an Extended Stay Hotel with an alleged prostitute, and he identified himself as "Treshawn Jarrod Glenn," the shooting victim in this case. (Filing No. 183 at 5–7). McDonald then fled from officers and hid behind a bush. Once McDonald was apprehended, officers took as evidence his blue cell phone, which allegedly contained evidence of the crimes charged in the Superseding Indictment in this case. *Id.* at 6.

The Government seeks to introduce limited details from this arrest, including McDonald's false identification, fight, and the seizure of his cell phone. *Id.* at 7–8. The Government argues that McDonald's claim to be Tre Shawn Glenn is probative of his involvement in Glenn's October 2023 shooting death and constitutes "direct evidence of the crime charged." *Id.* at 8. The Government further argues that the police encounter provides the necessary foundation for the Government's possession of McDonald's cell phone, which contained evidence of the sex trafficking acts charged in the indictment. *Id.* at 9.

6

The Court is not convinced that evidence of McDonald's initial false identification is admissible as "direct evidence" of his involvement in the crimes charged in the Superseding Indictment. That McDonald identified himself as Tre Shawn Glenn in June 2024 says nothing of whether McDonald was involved in the October 2023 shooting where Mr. Glenn was killed. However, evidence that McDonald pretended to be Tre Shawn Glenn in June 2024 may establish that he knew the victim, his flight is direct evidence of what happened, and limited evidence from this arrest may be admissible to establish the chain of custody for seizure of McDonald's cellphone. Therefore, the motion *in limine* is **granted in part** and **denied in part**. It is **granted** with respect to evidence that McDonald was suspected of "pimping or trafficking" when arrested in Plantation, Florida. The motion is **denied** with respect to evidence that when McDonald was arrested he falsely identified himself as Tre Shawn Glenn, he then fled, and evidence surrounding seizure of McDonald's cell phone in June 2024 is relevant to establish chain of custody for this piece of evidence.

### 5. Speculation that McDonald was with a child when arrested in June 2024

Fifth, McDonald seeks to prohibit evidence that he was with a child at the time of his June 2024 arrest and any evidence or argument that he "abandoned" the child when he fled prior to that arrest. The Government does not object to the exclusion of this evidence. McDonald's request is **granted**.

### 6. Use of certain terms

Sixth and seventh, McDonald seeks to prohibit the use of certain specific terms or any variations thereof, including "victim," "trafficked," "human sex trafficking," "murder," "enterprise," "racketeering activity," "obtain," "entice," "harbor," among others. (Filing No. 153 at 1). He claims that use of these words would invade the province of the jury because they are terms of art constituting the elements of the offense. In response, the Government argues that a

blanket prohibition is inappropriate as use of the terms may be admissible under Rule 401 of the Federal Rules of Evidence.

The Court agrees with the Government that most of the terms identified in paragraphs six and seven of Defendant's motion refer to facts and terminology that are directly relevant to the charges in this case. The indictment charges, for example, that McDonald engaged in sex trafficking by forcing certain individuals to commit commercial sex acts. In light of those allegations, the Government should be permitted to refer to the individuals as "victims" during the trial. *Cf. United States v. Shankle*, 756 F. App'x 633, 634 (7th Cir. 2019) (holding that a challenge to the district court's ruling allowing the government to refer to prostitutes as "victims" would be pointless because the evidence suggested that the prostitutes were indeed victims). Moreover, similar to Defendant's request to exclude references to other women, the request to include this laundry list of terms is overbroad and underdeveloped. Accordingly, McDonald's request is **denied.** McDonald is free to object if these terms are used during the trial, and the Court will rule in context, on whether certain terms should be excluded.

### 7. Facts forming the basis of the 18 U.S.C. § 922(g) charge

Eighth, McDonald requests that the Court exclude any facts regarding the felony that forms the basis of the § 922(g) charge in Count 3 of the Superseding Indictment, "other than the fact of the felony conviction prior to the date of this charged offense." (Filing No. 153 at 2). Count 3 charges that McDonald, knowing that he had been convicted of a felony, knowingly possessed a firearm, in violation of 18 U.S.C. § 922(g)(1). (Filing No. 32 at 6). The Government argues that unless McDonald enters an *Old Chief* stipulation, the Court should reject this request because the Government is required to prove each element of the § 922(g) charge, including the fact of his

8

prior felony conviction for Aggravated Assault and his knowledge of said conviction. (Filing No. 183 at 5).

The Court agrees with the Government. In *Old Chief v. United States*, the United States Supreme Court held that, in cases where the defendant's felon status is at issue, it would be an abuse of discretion for a district court to admit the record of conviction to prove the defendant's status when the defendant is willing to stipulate. 519 U.S. 172, 191 (1997); *see also United States v. West*, 53 F.4th 1104, 1107 (7th Cir. 2022). Thus far, McDonald has not agreed to such a stipulation. Therefore, the parties are **ordered** to meet and confer regarding whether McDonald intends to enter an *Old Chief* stipulation, and inform the Court of any such stipulation at or before the Final Pretrial Conference. For now, the motion *in limine* is **denied**. If an *Old Chief* stipulation is entered, the motion *in limine* will necessarily be granted.

### 8. A photo of a woman with bruises on her face

Ninth, McDonald seeks to prevent the introduction of a "photo derived from the phone data of a woman with bruises about her face, as that woman is not one of the alleged victims in this case, there most likely will be no foundation for the photo, and it is highly prejudicial to assume that the bruises were the result of some form of violence inflicted by Kris McDonald." (Filing No. 153 at 2). The Government does not object the exclusion of this photo from evidence. The Court **grants** this request, and the Government may not introduce the photo described herein.

### 9. Speculation regarding injury to others due to stray bullets

Tenth, McDonald seeks to preclude reference to or speculation regarding injuries sustained by individuals due to any stray bullets because McDonald is not charged with recklessness. The Government does not object and the request is **granted**. The Government is precluded from

9

referencing or arguing that McDonald was responsible for injuries sustained by any individuals as a result of stray bullets.

### 10. McDonald's gang affiliation

Finally, McDonald asks the Court to exclude any evidence of his gang affiliation, "as he is not so charged with gang affiliation, and the implications are misleading and prejudicial." (Filing No. 153 at 2). The Government responds that while it does not intend to introduce evidence that McDonald was involved in a formal street gang, the Government's proposed Exhibit 195 contains a social media post wherein McDonald captioned three photographs of alleged prostitutes, "GMG $ OFFICIAL." (Filing No. 183 at 12). The Government expects that its witnesses will testify that "GMG" stands for "get money gang," and that McDonald posted the photographs in reference to his employment of prostitutes. *Id.*

Only relevant evidence is admissible. *See* Fed. R. Evid. 402. Under Federal Rule of Evidence 401, evidence is "relevant" if "it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence is determining the action." Fed. R. Evid. 401. Rule 403 provides, however, that relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of … unfair prejudice." Fed. R. Evid. 403. To determine whether evidence is unfairly prejudicial, the court must use a "sliding scale approach: as the probative value increases, so does our tolerance of the risk of prejudice." *West*, 53 F.4th at 1108.

The Court concludes that any reference to McDonald's involvement in a "gang," even colloquially, would be unfairly prejudicial. Although photos of prostitutes allegedly posted by McDonald tends to make it more probable that McDonald engaged in sex trafficking, the probative value of the caption itself is substantially outweighed by the significance jurors may attach to

10

McDonald's potential "gang" affiliations. McDonald's request to preclude any reference to his gang affiliation is **granted**. The Government witness may testify that "GMG $ OFFICIAL" in exhibit 95 refers to "get money" but it may not testify or offer evidence that the initials GMG refers to "get money gang."

### IV.  CONCLUSION

For the foregoing reasons, Defendant's *Brady* Motion (Filing No. 152) is **granted** and McDonald's Motion *in Limine* (Filing No. 153) is **granted in part** and **denied in part**. An order in *limine* is not a final, appealable order. Nothing in this Order precludes the Court's ability to depart from these preliminary findings based on evidence produced at trial. If a party believes that evidence excluded by this Order becomes relevant or otherwise admissible during the course of the trial, counsel may request a hearing outside the presence of the jury. Likewise, if a party believes that specific evidence is inadmissible during the course of the trial, counsel may raise specific objections to that evidence.

**SO ORDERED.**

Date:  4/14/2025

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bradley.blackington@usdoj.gov

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
michelle.brady@usdoj.gov

Charles C. Hayes
HAYES RUEMMELE LLC
charles@chjrlaw.com

Jane Ruemmele
HAYES RUEMMELE LLC
jane@chjrlaw.com