UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:24-cr-00090-TWP-MJD |
| ) | |
| KRISTOPHER MCDONALD ) | |
|   a/k/a BARONE SANTIAGO ) | |
|   a/k/a SOLJA, ) | -01 |
| ) | |
| Defendant. ) | |

**ORDER ON DEFENDANT'S MOTION FOR ADMISSION OF RULE 412 EVIDENCE**

This matter is before the Court on Defendant Kristopher McDonald's ("McDonald") Motion for the Admission of 412 Evidence. ([Filing No. 154](#)). McDonald seeks to introduce evidence of an alleged victim's sexual behavior or predisposition pursuant to Federal Rule of Evidence 412(b)(1)(B) and (C) to rebut allegations that he forced the alleged victim into sex trafficking. He also seeks admission of an alleged victim's prior conviction pursuant to Rule 609 of the Federal Rules of Evidence. For the following reasons, the Motion is **granted in part** and **denied in part**.

### I. BACKGROUND

This matter is set for jury trial beginning on May 5, 2025, with jury selection to begin on May 2, 2025. McDonald is charged in a ten-count Superseding Indictment with eight of the counts: Count One: Violent Crimes in Aid of Racketeering Activity; Count Two: Possessing, Brandishing, and Discharging a Firearm During a Crime of Violence; Count Three: Possession of a Firearm by a Convicted Felon; Count Four: Sex Trafficking by Force, Fraud, or Coercion; Count Five: Sex Trafficking by Force, Fraud, or Coercion; Count Eight: Enticing an Individual to Travel in

Interstate Commerce to Engage in Prostitution; Count Nine: Interstate and Foreign Travel or Transportation in Aid of Racketeering Enterprises; and Count Ten: Interstate and Foreign Travel or Transportation in Aid of Racketeering Enterprises. (Filing No. 32).

In particular, the indictment alleges that from June 13, 2023, until April 23, 2024, McDonald was the leader of a criminal enterprise engaged in racketeering activity, as defined in 18 U.S.C. §§ 1959(b)(1), 1961(1), including acts involving murder and sex trafficking. *Id.* at 2. As relevant here, Count Four alleges that on August 1, 2023, McDonald knowingly recruited I.T. to engage in commercial sex trafficking by force, fraud, or coercion. *Id.* at 3. On December 13, 2023, I.T. was involved in a home invasion during which she "used her status as a prostitute to gain entry into the home" while two men committed the robbery. (Filing No. 154 at 2; Filing No. 176-1 at 7–10). After I.T. and the men fled the home, I.T. discarded the victim's phone by throwing it out of the car window. (Filing No. 176-1 at 9). I.T. was later charged with and convicted of obstruction of justice, in violation of Ind. Code § 35-44.1-2-2. (Filing No. 176-2 at 1). Although obstruction of justice is a felony under Indiana law, I.T. received "alternative misdemeanor sentencing." (Filing No. 154 at 2).

The Government proffers that I.T.'s involvement with McDonald "ended after McDonald murdered Tre Shawn Glenn in Indianapolis on October 11, 2023." (Filing No. 176 at 3). The incident in Hamilton County, therefore, occurred more than two months after Victim I.T.'s involvement with the defendant ended. *Id*.

In the instant motion, McDonald seeks to admit for impeachment purposes evidence of I.T.'s (or any other victim-witnesses') voluntary acts of sex under Rule 412, and evidence of I.T.'s obstruction-of-justice conviction under Rule 609.

## II.  LEGAL STANDARDS

### A. Rule 412

Federal Rule of Evidence 412 prohibits the introduction in criminal cases of evidence of a victim's prior sexual behavior, except under limited circumstances. As relevant here, McDonald seeks to admit the following evidence in a criminal case:

> . . .
>
> (B) evidence of specific instances of a victim's sexual behavior with respect to the person accused of the sexual misconduct, if offered by the defendant to prove consent or if offered by the prosecutor; and
> (C) evidence whose exclusion would violate the defendant's constitutional rights.

Fed. R. Evid. 412(b)(1). Before the Court may admit evidence under Rule 412(b), the moving party must:

> (A) file a motion that specifically describes the evidence and states the purpose for which it is to be offered;
> (B) do so at least 14 days before trial unless the court, for good cause, sets a different time;
> (C) serve the motion on all parties; and
> (D) notify the victim or, when appropriate, the victim's guardian or representative.

Fed. R. Evid. 412(c)(1).

### B. Rule 609

Under Federal Rule of Evidence 609, the following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:

> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
> > (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
> >
> > (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and

3

(2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement.

Fed. R. Evid. 609(a).

### III.    DISCUSSION

McDonald first argues that Rule 412(b)(1)(B) permits evidence of "any voluntary acts of sex committed with [McDonald] by any witness who also testifies that she was a victim of trafficking." (Filing No. 154 at 1). This rule applies only to "specific instances of a victim's sexual behavior with respect to the person accused of the sexual misconduct…." Fed. R. Evid. 412(b)(1)(B). As the Government rightly explains, McDonald fails to specifically describe the evidence he seeks to admit as required by Rule 412(c)(1)(B). He identifies no specific instances of any victim's sexual behavior to prove they engaged in consensual sexual activity with him. And, if McDonald is seeking to offer sexual activity related to the Hancock County incident, that request fails. Although McDonald is the person accused of sexual misconduct in the instant case, the Hancock County incident did not involve McDonald. Accordingly, McDonald's request to admit evidence under Rule 412(b)(1)(B) is **denied**.

McDonald also seeks to admit evidence under Rule 412(b)(1)(C), and argues:

> [T]he government has alleged that Kris McDonald forced certain women into prostitution, thus, any voluntary act of prostitution committed during the dates of the alleged Kristopher McDonald Enterprise is relevant to rebut the allegations that Kris McDonald forced any alleged victim into acts of human sex trafficking. The exclusion of this evidence would leave Kris McDonald without a defense to the allegations of compulsion and allegation of overcoming the will of any woman to engage in prostitution and would deny him Due Process and a fair trial.

(Filing No. 154 at 2). The Government objects to the evidence and argues the fact that Victim I.T. may have engaged in some form of prostitution activity two months after her last encounter with

4

McDonald does not make it any more or less probable that McDonald caused her to engage in commercial sexual activity by force, fraud, and coercion. (Filing No. 176 at 9).

The Court agrees with the Government. To the extent McDonald intends to invoke Rule 412(b)(1)(C) to introduce evidence that I.T. used her status as a prostitute to facilitate the December 2023 home robbery, that request is **denied**. The Seventh Circuit has consistently held that evidence that a person previously engaged in prostitution is "classic propensity evidence" that is inadmissible to establish the person necessarily consented to those acts with the defendant. *See, e.g.*, *United States v. Carson*, 870 F.3d 584, 593 (7th Cir. 2017). As relevant here, the fact that I.T. publicly identified as a prostitute at some point during the alleged racketeering scheme has no bearing on whether she was a voluntary participant in the charged activity. The evidence McDonald appears to rely upon— any voluntary act of prostitution committed during the dates of the alleged Enterprise—is classic propensity evidence. Accordingly, the request to introduce the evidence identified in the motion under Rule 412(b)(1)(C) is **denied**.

Finally, McDonald argues, albeit inexplicitly, that I.T.'s conviction for obstruction of justice is admissible as either impeachment or substantive evidence under Rule 609(a)(2). (Filing No. 154 at 2). Relying on a non-binding Fifth Circuit case analyzing the federal obstruction-of-justice statute, the Government contends that this conviction is not admissible under Rule 609(a)(2) because it did not require proof of a dishonest act or false statement. (Filing No. 176 at 12).

The Government is mistaken. Rule 609(a)(2) requires the admission of certain convictions "if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness." Fed. R. Evid. 609(a)(2), advisory committee's notes to 2006 amendment. The Advisory Committee notes to Rule 609 explain that subsection (a)(2) is meant to cover crimes which involve "some element of deceit,

5

untruthfulness, or falsification bearing on the witness' propensity to testify truthfully." *Id.* Under Ind. Code § 35-44.1-2-2, a person commits obstruction of justice when they "alter[], damage[], or remove[] any record, document, or thing, with intent to prevent it from being produced or used as evidence in any legal proceeding or administrative or criminal investigation." Altering, damaging, or removing physical evidence to prevent its disclosure in a legal proceeding are acts of deceit bearing on I.T.'s propensity to testify truthfully. Therefore, McDonald's motion is **granted** to the extent he seeks to admit her conviction for obstruction of justice, which may be used as impeachment evidence only under Rule 609(a)(2) if she testifies. Moreover, any impeachment is limited to inquiry into the name of the crime charged, the date of the offense, and the disposition. *See United States v. Robinson*, 8 F.3d 398, 409 (7th Cir. 1993); *Campbell v. Greer*, 831 F.2d 700, 707 (7th Cir. 1987).

## IV.  CONCLUSION

For the reasons explained above, McDonald's Motion for the Admission of 412 Evidence (Filing No. 154) is **DENIED** to the extent McDonald seeks the admission of "any voluntary acts of sex committed with Kris McDonald by any witness who also testifies that she was a victim of trafficking." The Motion is further **DENIED** to the extent McDonald seeks to admit evidence of I.T.'s unrelated prostitution activity as evidence that she voluntarily engaged in prostitution with the McDonald. The Motion is **GRANTED** to the extent McDonald seeks to admit evidence of I.T.'s conviction for obstruction of justice pursuant to Federal Rule of Evidence 609(a)(2) for impeachment purposes. McDonald may not inquire into the facts underlying the offense of conviction.

**SO ORDERED**.

Date: 4/15/2025

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bradley.blackington@usdoj.gov

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
michelle.brady@usdoj.gov

Charles C. Hayes
HAYES RUEMMELE LLC
charles@chjrlaw.com

Jane Ruemmele
HAYES RUEMMELE LLC
jane@chjrlaw.com