UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:24-cr-00090-TWP-MJD |
| ) | |
| KRISTOPHER MCDONALD ) | -1 |
|   a/k/a BARONE SANTIAGO ) | |
|   a/k/a SOLJA, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR BILL OF PARTICULARS
AND DIRECTING GOVERNMENT TO FILE TRIAL BRIEF**

This matter is before the Court on Defendant Kristopher McDonald's ("McDonald") Motion and Memorandum Requesting Bill of Particulars (Filing No. 173). For the reasons explained below, the Motion is **denied**. Instead, the Court directs the Government to file a trial brief.

I. **DISCUSSION**

This matter is set for jury trial, beginning on May 5, 2025 (with jury selection to begin on May 2, 2025). McDonald was arraigned on a Superseding Indictment on December 3, 2024. (Filing No. 44). He is charged in a ten-count Superseding Indictment with eight of the counts. In this Motion, he asks the Court to enter an order pursuant to Federal Rule of Criminal Procedure 7(f), directing the Government to provide to him certain particulars concerning Count One: Violent Crimes in Aid of Racketeering Activity; Count Two: Possessing, Brandishing, and Discharging a Firearm During a Crime of Violence; and Counts Four and Five: Sex Trafficking by Force, Fraud, or Coercion. (Filing No. 173). McDonald seeks the following particulars:

>(1) Whether the government intends to prove that McDonald personally used force, threats of force, coercion, or any combination of such means, to cause any alleged victim to engage in a commercial sex act.
>
>(2) Whether the government intends to prove that McDonald knew that people other than McDonald would use force, threats of force, coercion, or any combination of such means, to cause any alleged victim to engage in a sex act;
>
>(3) Whether the government intends to establish that McDonald was the shooter, resulting in the death of Tre Shawn Glenn; and
>
>(4) Whether the government intends to establish that Tre Shawn Glenn was killed while an act of human sex trafficking was occurring simultaneously, or whether the government intends to argue that any killing during the racketeering enterprise alleging human sex trafficking is sufficient to meet the definition of felony murder under Indiana law;
>
>(5) What theory of human sex trafficking (force, threats of force, fraud, and coercion) was being used in this case as to all counts where promoting human sex trafficking is alleged;
>
>(6) Whether the government is proceeding under the theory of enticement to engage in commercial sex, such that the conduct before and after the alleged enterprise is relevant to rebut those accusations; and
>
>(7) What theory of human sex trafficking (force, threats of force, fraud, and coercion) against a victim of human trafficking was being used against an alleged victim which resulted in the death of Tre Shawn Glenn.

*Id*. at 1–2. McDonald argues that these particulars are necessary to clarify the Government's theory of the case so that he can prepare for trial. *Id*. at 7.

Rule 7(f) of the Federal Rules of Criminal Procedure permits the Court to direct the government to file a bill of particulars upon the request of defendant by motion filed "before or within 14 days after arraignment or at a later time if the court permits." Federal Rule of Criminal Procedure Rule 7(f). A district court's decision to grant a motion for a bill of particulars is discretionary. *United States v. Blanchard*, 542 F.3d 1133 (7th Cir. 2008). In determining whether to grant such a motion, the "key question is whether the defendant was sufficiently apprised of the charges against him in order to enable adequate trial preparation." *Id*. In considering whether to

require a bill of particulars, the Court "may consider the complexity of the charges, the clarity of the indictment, and the degree of discovery available to the defense absent a bill of particulars." *United States v. Vasquez-Ruiz*, 136 F. Supp. 2d 941, 943 (N.D. Ill. 2001). Among others, "one reason to provide a bill of particulars is to prevent the likelihood of surprise and to permit the defendant to prepare for trial." *Id*. at 944. However, a motion for a bill of particulars cannot be used to obtain evidentiary details of the government's case or the government's legal theory. *United States v. Glecier*, 923 F.2d 496, 501–02 (7th Cir. 1991).

The Government opposes the Motion and provides two reasons. First, under Rule 7(f) McDonald should have filed this motion by December 17, 2024, given his December 3, 2024 arraignment. Because McDonald did not seek leave of Court to file the belated motion, the Government argues the motion should be denied on that basis alone. Second, the Government argues it "has produced comprehensive and organized discovery that provides Defendant with a guide to the government's case. As such, Defendant's requested bill of particulars is not necessary." (Filing No. 189 at 1).  The Government contends the motion is not supported by law and is an attempt to end-run this Court's order regarding the Government's obligations to turn over cooperating witness information later this month. *Id*. at 2.

The Court agrees that no bill of particulars is required. The Superseding Indictment is not required to "detail every factual nugget necessary for conviction," nor is it required to "allege in detail the factual proof that will be relied on to support the charges." *United States v. Smith*, 230 F.3d 300, 306 (7th Cir. 2000). Once the elements of the crime have been specified, an indictment need only provide enough factual information to enable the defendants to identify the conduct on which the government intends to base its case. *United States v. Fassnacht,* 332 F.3d 440, 446 (7th Cir. 2003). Here, the detailed Superseding Indictment clearly and precisely states the crimes with

3

which McDonald is charged, sets forth each element of each offense in a clear and readily understandable fashion, states the time and place of the alleged criminal conduct, and the statute(s) related to each charge is cited. In addition, McDonald has requested and has been the beneficiary of extensive pretrial discovery. This information provided is sufficient to allow McDonald to prepare for his defenses.[1]

Importantly, Rule 7(f) is not a vehicle for a defendant to improperly force the government to reveal its theory and how it intends to prove each charge at trial. "The defendant's constitutional right is to know the offense to which he is charged, not to know the details of how it will be proved." *United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981); *see also United States v. O'Malley*, 796 F.2d 891, 898 n. 9 (7th Cir. 1986) (noting the government is not required to "set forth in its indictment the theory that it intends to use at trial to establish the elements of the crime"). Accordingly, the Motion and Memorandum Requesting Bill of Particulars is **denied**.

Although the Court has not declared this case to be complex, the legal issues are complex, and a large volume of discovery has been provided. As required in the Court's Courtroom Practices and Procedures, "if Counsel have reason to anticipate that any question of law or evidence is not routine, will provoke an extensive argument, or will require a proffer outside the presence of the jury" advance notice to the Court is preferred. (See Filing No. 199). The Court believes a trial brief that provides a concise overview of the key facts, legal issues, and arguments would be helpful.[2] Accordingly, the Government is ordered to submit a trial brief by no later than April 28, 2025.

## II. CONCLUSION

---

[1] McDonald intends to raise the defenses of necessity and self-defense. (Filing No. 155).

[2] For example, the trial brief in *United States v. Keith Jones* provided helpful briefing on topics such as Admission of Expert Opinion Testimony Concerning the Modus Operandi of Drug Trafficking Organizations, and Admission of Opinion Testimony Concerning Drug Code Language. *See Government's Trial Brief*, No. 1-22-cr-00082, (S.D. Ind. Sep. 9, 2023) (Dkt. 751).

For the reasons addressed above the Defendant's Motion and Memorandum Requesting Bill of Particulars (Filing No. 173), is **DENIED**. The Government is directed to file a trial brief that provides an overview of the case's key facts, legal issues, and arguments, by no later than **April 28, 2025**.

**SO ORDERED.**

Date: 4/15/2025

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jane Ruemmele
HAYES RUEMMELE LLC
jane@chjrlaw.com

Charles C. Hayes
HAYES RUEMMELE LLC
charles@chjrlaw.com

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bradley.blackington@usdoj.gov

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
michelle.brady@usdoj.gov