**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) CAUSE NO.: 1:24-cr-90-TWP-MJD |
| vs. | ) |
| | ) |
| **KRISTOPHER MCDONALD,** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

**DEFENDANT'S ADDITIONAL SUBMISSION OF AUTHORITY IN SUPPORT OF MOTION TO DISMISS COUNTS 1 AND 2 OF THE INDICTMENT**

Comes now, Kristopher McDonald and s while the Motion to dismiss is s till under advisement, submits additional argument and authority in support as follows:

On November 19, 2024, the grand jury returned an indictment which alleged as follows:

> On or about October 11, 2023, within the Southern District of Indiana, Indianapolis Division, KRISTOPHER McDONALD, a/k/ a Barone Santiago, a/k/ a Solja, for the purpose of maintaining and increasing his role in the Kristopher McDonald Organization, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Tre Shawn Glenn, in violation of Indiana Criminal Code Section 35-42-1-1(2); to-wit, McDONALD killed Glenn while committing the offense of promoting human sexual trafficking.
> All in violation of Title 18, United States Code, Section 1959(a)(l).

(Doc. 33). The Motion to dismiss counts 1 and it related charge, count 2, is still under advisement. The government has only recently conceded that the phrase "knowingly and intentionally" was an error. The Government proposes to submit a "corrected Indictment, deleting that phrase. If and only if the court denies the Motion to dismiss Count 1 and allows the government to proceed on a theory of felony murder does the defense understand that the phrase should be deleted. McDonald

fully intends to preserve any denial of his Motion to dismiss for later review and does not intend to waive the issue, while accommodating the court's decision and the government's solution.

Yet, a question remains as to whether simply deleting that phrase "knowingly and intentionally" is permissible under the law, once a grand jury has returned an indictment. There are two theories of murder under Indiana law[1], one is a knowing or intentional murder, and one is felony murder. Although the indictment cites the felony murder statute under section 2, the inclusion of the *mens re*a of "knowingly and intentionally" indicts McDonald for a knowing and intentional killing under section 1.

The two theories are two distinctly different crimes. One is not a lesser offense of the other. For instance, a knowing murder has lesser included offenses of

---

[1] IN Code § 35-42-1-1 (2024)
Learn more
Sec. 1.  A person who:

(1) knowingly or intentionally kills another human being;

(2) kills another human being while committing or attempting to commit arson, burglary, child molesting, consumer product tampering, criminal deviate conduct (under IC 35-42-4-2 before its repeal), kidnapping, rape, robbery, human trafficking, promotion of human labor trafficking, promotion of human sexual trafficking, promotion of child sexual trafficking, promotion of sexual trafficking of a younger child, child sexual trafficking, or carjacking (before its repeal);

(3) kills another human being while committing or attempting to commit:

(A) dealing in or manufacturing cocaine or a narcotic drug (IC 35-48-4-1);

(B) dealing in methamphetamine (IC 35-48-4-1.1);

(C) manufacturing methamphetamine (IC 35-48-4-1.2);
D) dealing in a schedule I, II, or III controlled substance (IC 35-48-4-2);

(E) dealing in a schedule IV controlled substance (IC 35-48-4-3); or

(F) dealing in a schedule V controlled substance; or

(4) except as provided in section 6.5 of this chapter, knowingly or intentionally kills a fetus in any stage of development;

voluntary manslaughter (*Watts v. State*, 885 N.E.2d 1228 ( Ind. 2008), involuntary manslaughter (*Doroszko v. State*, 201 N.E.3d 1151 (Ind. 2023)) and reckless homicide (*Wright v. State*, 658 N.E.2d 563 (Ind. 1995). Yet, involuntary manslaughter is not a lesser included offense of felony murder, as there are no lesser included homicides of felony murder. *Fleener v. State* (1980), 274 Ind. 473, 478, 412 N.E.2d 778, 782, *reh. denied; Rodriguez v. State* (1979), 270 Ind. 613, 617, 388 N.E.2d 493, 496. The two theories are so divergent and incongruous, as to leave the indictment fatally flawed.

The defense stands on its Motion to Dismiss, which points out that there is no such thing as knowing or intentional felony murder under Indiana law. The government has charged Kris. with a murder that does not exist under Indiana law. The government has proposed an impermissible remedy to correct the problem, however, that is, to delete a *mens rea* element handed down by the grand jury.

"[A]n indictment may not be amended except by resubmission to the grand jury, unless the change is merely a matter of form." *Russell v. United States*, 369 U.S. 749, 770, 82 S. Ct. 1038, 1050, 8 L. Ed. 2d 240 (1962). *See also United States v. Leichtnam*, 948 F.2d 370, 376 (7th Cir. 1991); *United States v. Field*, 875 F.2d 130, 133 (7th Cir. 1989). An indictment is amended when the charging terms "are altered, either literally or in effect, by the prosecutor or a court after the grand jury has last passed upon them." *United States v. Auerbach*, 913 F.2d 407, 413 (7th Cir. 1990).

The US Supreme Court and the Seventh Circuit are clear in their position on the matter, and it is grounded in the Fifth Amendment to the US Constitution. *See,*

---

commits murder, a felony.

*Stirone v. United States*, 361 U.S. 212, 215-16, 80 S. Ct. 270, 4 L. Ed. 2d 252 (1960) (emphasizing the black-letter rule that "after an indictment has been returned its charges may not be broadened through amendment except by the grand jury itself"); *United States v. Pigee*, 197 F.3d 879, 886 (7th Cir. 1999) ("[A] constructive amendment occurs where proof at trial goes beyond the parameters of the indictment in that it establishes offenses different from or in addition to those charged by the grand jury. Such error . . . which in a jury trial can also be generated or exacerbated by faulty instructions, violates the Fifth Amendment since the Grand Jury Clause limits the available bases for conviction to those contained in the indictment.").

Although the government may argue that amending the indictment is simply a "narrowing" that already encompasses a broader set of crimes, Kris was not charged in the alternative, and he was not charged with more than one murder. He was charged with only one murder which does not exist under Indiana law. Amending an indictment is permissible when a single count of an indictment charges more than one commission of the same offense (or more than one way of committing it), yet either the evidence, the instructions to the jury or both cover only one--or the indictment is physically amended to charge only one. *United States v. Miller,* 471 U.S. 130, 140-45, 85 L. Ed. 2d 99, 105 S. Ct. 1811 (1985). *See also Ford v. United States*, 273 U.S. 593, 71 L. Ed. 793, 47 S. Ct. 531 (1927); *Salinger v. United States*, 272 U.S. 542, 71 L. Ed. 398, 47 S. Ct. 173 (1926); *United States v. Muebl*, 739 F.2d 1175, 1180-81 (7th Cir. 1984); *United States v. Lemire, supra*, 720 F.2d at 1343-46.

Kris was not charged in the alternative. The indictment does not clearly charge him with a knowing or intentional murder or felony murder. It fatally confuses the two theories that exist under Indiana law, and the result is to charge him with a crime that does not exist.

Although another theoretical remedy to the problem would be to simply proceed with knowing or intentional murder, that remedy is inadequate as well. There is no way to know if the jury would have indicted him of murder under section 1, unless it was also alleged that it was done so in furtherance of a felony, as required under section 2. The element of "in furtherance of a felony" does not exist under section 1. There is no way to know what the grand jury would have done, had the indictment been properly drafted to clearly set forth a theory of murder under Indiana law. The problem cannot be fixed by excising the *mens rea* elements the government does not want to have to prove.

The government offers to choose the easiest theory of murder to prove, felony murder, by deleting the *mens rea* element included in the indictment. That remedy is completely inadequate to resolve the fatally defective indictment under Count 1, and it must therefore be dismissed.

WHEREFORE, the Defendant, by counsel, respectfully requests an order dismissing counts 1 and 2, and for all other just and proper relief.

    Respectfully submitted,

    HAYES RUEMMELE LLC

    /s/ *Jane H.Ruemmele*
    Jane H. Ruemmele, 6555-49
    22 E. Washington St. Ste. 610
    Indianapolis IN 46204

T: 317-491-1050; F: 317-491-1043
jane@chjrlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Jane H.Ruemmele*

Jane H. Ruemmele, 6555-49

22 E. Washington St. Ste. 610
Indianapolis IN 46204
T: 317-491-1050
F: 317-491-1043
jane@chjrlaw.com