UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cr-00090-TWP-MJD |
| | ) | |
| KRISTOPHER MCDONALD | ) | |
| a/k/a BARONE SANTIAGO | ) | |
| a/k/a SOLJA, | ) -01 | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY**

This matter is before the Court on Defendant Kristopher McDonald's ("McDonald") Motion to Exclude Expert Testimony (Filing No. 168). McDonald asks the Court to exclude the testimony of the Government's sex-trafficking experts. For the reasons explained below, the Motion is **denied**.

**I.     BACKGROUND**

This matter is set for jury trial beginning on May 5, 2025, with jury selection to begin on May 2, 2025. McDonald is charged in a ten-count Superseding Indictment with eight of the counts: Count One: Violent Crimes in Aid of Racketeering Activity; Count Two: Possessing, Brandishing, and Discharging a Firearm During a Crime of Violence; Count Three: Possession of a Firearm by a Convicted Felon; Count Four: Sex Trafficking by Force, Fraud, or Coercion; Count Five: Sex Trafficking by Force, Fraud, or Coercion; Count Eight: Enticing an Individual to Travel in Interstate Commerce to Engage in Prostitution; Count Nine: Interstate and Foreign Travel or Transportation in Aid of Racketeering Enterprises; and Count Ten: Interstate and Foreign Travel or Transportation in Aid of Racketeering Enterprises. (Filing No. 32). The indictment alleges that

from June 13, 2023, until April 23, 2024, McDonald was the leader of a criminal enterprise engaged in racketeering activity, as defined in 18 U.S.C. §§ 1959(b)(1), 1961(1), including acts involving murder and sex trafficking. *Id.* at 2.

## II.    LEGAL STANDARDS

Federal Rule of Criminal Procedure 16(a)(1)(G) governs the disclosure of expert witness material in advance of trial. At the defendant's request, the Government must disclose to the defendant:

> a)  a complete statement of all opinions the government will elicit from the witness in its case-in-chief;
> b)  the bases and reasons for them;
> c)  the witness' qualifications, including a list of all publications authored in the previous 10 years; and
> d)  a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition.

Fed. R. Crim. P. 16(a)(1)(G)(iii). The Court must set a time for disclosure that is "sufficiently before trial to provide a fair opportunity for the defendant to meet the government's evidence." Fed. R. Crim. P. 16(a)(1)(G)(ii).

Federal Rule of Evidence 702 and the United States Supreme Court's opinion in *Daubert v. Merrell Dow Pharms., Inc.*, governs the admissibility of expert testimony. 509 U.S. 579 (1993). Rule 702 charges trial judges with the responsibility of acting as "gatekeeper[s] with respect to testimony proffered under Rule 702 to ensure that the testimony is sufficiently reliable to qualify for admission." *Mihailovich v. Laatsch*, 359 F.3d 892, 918 (7th Cir. 2004). The Rule provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;

>   (c) the testimony is the product of reliable principles and methods; and
>
>   (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Under the *Daubert* framework, courts use a three-part analysis. *Myers v. Ill. Cent. R.R. Co.*, 629 F.3d 639, 644 (7th Cir. 2010). "The rubric for evaluating the admissibility of expert evidence considers whether the expert was qualified, whether his methodology was scientifically reliable, and whether the testimony would have assisted the trier of fact in understanding the evidence or in determining the fact in issue." *Hartman v. EBSCO Indus., Inc.*, 758 F.3d 810, 817 (7th Cir. 2014). The "proponent of the expert bears the burden of demonstrating that the expert's testimony would satisfy the *Daubert* standard" by a preponderance of the evidence. *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 705 (7th Cir. 2009). The Seventh Circuit has made clear that "[even] a supremely qualified expert cannot waltz into the courtroom and render opinions unless those opinions are…relevant under the test set forth by the Supreme Court in *Daubert*." *Id.* (quoting *Clark v. Takata Corp.*, 192 F.3d 750, 759 at n. 5 (7th Cir. 1999)). Whether to admit expert testimony rests within the discretion of the district court. *Lapsley*, 689 F.3d at 809.

### III.   DISCUSSION

McDonald seeks to exclude the testimony of three witnesses designated as experts: Special Agent Michelle Bartelson of the Federal Bureau of Investigations ("Agent Bartelson"); Special Agent Cassandra Jones of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("Agent Jones"); and Detective Kristen Hartman of the Indianapolis Metropolitan Police Department ("Detective Hartman"). The Government proffered that Agent Bartelson will testify about her experience with sex trafficking investigations in Indianapolis, Indiana, and the distinctions

between "sex trafficking" and "human trafficking." (Filing No. 157 at 1). She is also expected to testify about the controlling nature of traffickers and the difficulties victims have testifying against their abusers and reintegrating into society. *Id.* at 3–4. The Government expects Agent Jones to testify about the distinction between "sex trafficking" and "human trafficking." *Id.* at 8. She will also testify regarding the link between sex trafficking and drug addiction, including the tendency of traffickers to expose their victims to drugs to coerce them to engage in commercial sex acts. *Id.* Agent Jones will testify further about her specific experience investigating the sex trafficking in this case. *Id.* Finally, Detective Hartman is expected to testify about the distinctions between "sex trafficking" and "human trafficking," as well as her specific experience investigating the sex trafficking charged in this case. *Id.* at 7.

McDonald argues the proposed experts do not qualify as experts, their proffered testimony is irrelevant, and their testimony will be cumulative, and thus prejudicial. McDonald urges the Court to exclude the testimony of all three experts because the Government failed to satisfy the procedural requirements of Federal Rule of Criminal Procedure 16 and the admissibility requirements of Federal Rule of Evidence 702. McDonald requests a hearing on the admissibility of the designated experts and challenges the scope of their testimony.

As an initial matter, the Court determines that a *Daubert* hearing is not necessary. A *Daubert* hearing allows the court to determine whether the proffered testimony is admissible based on the *Daubert* standard, which focuses on the reliability and validity of the expert's methodology and findings. In its Expert Witness Disclosures, the Government presented detailed information concerning each expert's experience and methodology. In addition, the parties were able to provide additional argument concerning qualifications at the final pretrial conference. Defendant has not argued that the proposed experts' testimony is based on faulty or unreliable methods or

4

conclusions, rather he argues the testimony would be cumulative and is not relevant. The Government will have to present each expert's qualifications before the jury, and Defendant will have an opportunity to object, prior to the Court declaring the witness to be an expert in their respective fields. For these reasons, the Court declines to conduct a *Daubert* hearing. The Court will now examine each objection in turn.

### A. Rule 16 Procedure

McDonald first argues that the testimony of all three witnesses should be excluded because the Government failed to identify a list of all other cases in which the witnesses testified as experts in the previous four years, in violation of Rule 16(a)(1)(G)(iii). (Filing No. 168 at 3). The record belies this conclusion. McDonald acknowledges that the Government provided information regarding two cases in which Agents Bartelson and Jones testified in the last four years but argues that no information has been provided regarding cases in which Detective Hartman testified. The Government's disclosure expressly states that "Detective Hartman has not testified as an expert witness at trial or by deposition during the previous four years." (Filing No. 157 at 7). The Government has stated that its disclosure encompasses all expert testimony provided by the witnesses within the past four years, and McDonald gives the Court no reason to doubt the truthfulness of this statement. Therefore, the Court concludes that the Government's expert disclosures complied with the requirements of Rule 16(a)(1)(G)(iii).

McDonald also argues that each expert's testimony should be excluded because the Government failed to provide its disclosures in a timely manner. (Filing No. 168 at 3). On August 19, 2024, the Court ordered the Government to disclose information regarding its expert witnesses two weeks before the final pretrial conference. (Filing No. 17 at 2). In compliance with the order, the Government filed its expert disclosures on April 3, 2025, two weeks before the April 16, 2025,

final pretrial conference, and one month before trial was set to begin. (Filing No. 164). Defense counsel fails to explain why this timeline "foreclosed the defense [from] obtain[ing] a transcript of any testimony of these witnesses" or otherwise deprived McDonald of a "fair opportunity to meet the government's evidence" before trial. The Court finds that the Government provided ample notice of its expert witness information in accordance with the Court's orders and the federal rules.

### B. Rule 702 Admissibility

Next, McDonald argues that the experts' testimony is inadmissible because it is irrelevant and prejudicial. First, he contends it would be prejudicial to admit the testimony of three experts whose testimony all involve the same subject matter. (Filing No. 168 at 4). Second, he argues that the testimony overemphasizes their opinion and would usurp the jurors' role as the arbiters of the facts. *Id.* Finally, he argues Detective Hartman's status as a dual witness overemphasizes the subject matter, and the potential for prejudice outweighs the relevance of her testimony. *Id.* at 7.

In response, the Government contends that McDonald has waived any relevancy arguments by failing to develop them. (Filing No. 187 at 5). On the merits, the Government argues that the experts' testimony will help the jurors understand how human trafficking organizations operate and will contextualize the other testimony they will hear during the trial. *Id.* With respect to Detective Hartman, the Government argues that her dual capacity testimony is permitted, so long as the Court provides cautionary instructions to the jury. *Id.* at 7.

The Court declines to exclude the expert testimony under Rule 702. In their response, the Government detailed the anticipated testimony of each expert. The Government clarified at the final pretrial conference that each witness will testify about different aspects of the sex trafficking/ human trafficking scheme, which will be helpful for the jury to understand the evidence in this

6

case – namely, the complex dynamics between sex traffickers and their prostitutes. The Government argues professional experiences of each witness have provided them expertise with the subject matter which lay people lack.

The Court agrees. The Government's burden of proof on the charges of Sex Trafficking by Force, Fraud, or Coercion and Enticing an Individual to Travel in Interstate Commerce to Engage in Prostitution, support the relevance of the experts' proffered testimony. In his filings, Defendant has stated his intent to challenge the credibility of the alleged sex trafficking victims. Expert testimony may be helpful to the jury to understand the crimes charged, as well as the behaviors of alleged sex-trafficking victims. The Defendant gives the Court no reason to doubt the probative value of the expert testimony in this case, therefore, the motion to exclude the expert testimony under Rule 702 is **denied**.

In response to Defendant's argument that the experts' testimony would be cumulative, the Government identified the different criteria concerning sex trafficking that each witness would provide. The Court admonished the Government during the final pretrial conference to avoid cumulative testimony and trusts the Government will comply with this order or risk the Court excluding or striking cumulative testimony.

The Court declines to preclude the dual-role testimony of Detective Hartman. The Seventh Circuit "routinely uphold[s] the practice of presenting dual fact-expert witnesses, 'particularly where experienced law enforcement officers were involved in the particular investigation at issue.'" *United States v. Parkhurst*, 865 F.3d 509, 518 (7th Cir. 2017) (quoting *United States v. York*, 572 F.3d 415, 425 (7th Cir. 2009)). Once the Government establishes Detective Hartman's qualifications as an expert, the Court will permit her to testify as such so long as the Government presents the expert testimony and fact testimony separately. The Court will then take cautionary

measures to make clear when the witness is testifying to facts and when she is offering her opinion as an expert. *See, e.g., id.*; *United States v. Jett*, 908 F.3d 252, 268–69 (7th Cir. 2018).

## IV.  CONCLUSION

For the foregoing reasons, the Defendant's Motion to Exclude Expert Testimony (Filing No. 168) is **DENIED**.  The Court will allow Agent Bartelson, Agent Jones, and Detective Hartman to testify as experts once they have been so qualified in the presence of the jury.  Detective Hartman is permitted to provide dual-role testimony so long as the fact testimony and expert testimony are presented separately.

**SO ORDERED**.

Date:  4/18/2025

*[signature]*

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bradley.blackington@usdoj.gov

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
michelle.brady@usdoj.gov

Charles C. Hayes
HAYES RUEMMELE LLC
charles@chjrlaw.com

Jane Ruemmele
HAYES RUEMMELE LLC
jane@chjrlaw.com