UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24-cr-00090-TWP-MJD |
| ) | |
| KRISTOPHER MCDONALD ) | |
|   a/k/a BARONE SANTIAGO ) | |
|   a/k/a SOLJA, ) -01 | |
| ) | |
| Defendant. ) | |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT 1
AND DIRECTING PARTIES TO PROVIDE ADDITIONAL BRIEFING ON COUNT 2**

This matter is before the Court on Defendant Kristopher McDonald's ("McDonald") Motion to Dismiss Counts 1 and 2 of the Indictment (Filing No. 174). On April 24, 2025, the Government filed a Second Superseding Indictment (Filing No. 210). The Court assumes that the Government intends to proceed to trial on the Second Superseding Indictment and reminds the Government that it must move to dismiss any charges in the Superseding Indictment that it no longer seeks to pursue.[1] For now, the Court will rule on the Motion to Dismiss Counts 1 and 2 as they appear in the Second Superseding Indictment pending the Government's motion to dismiss the Superseding Indictment.

McDonald argues for the dismissal of Counts 1 and 2 because the felonies upon which those counts are predicated are not "crimes of violence" under 18 U.S.C. § 16 and 18 U.S.C. §

---

[1] The Second Superseding Indictment does not automatically void the Superseding Indictment. *See United States v. Drasen*, 845 F.2d 731, 732 n.2 (7th Cir. 1988) ("The superseding indictment does not affect our review of the original indictment. It is well established that two indictments may be outstanding at the same time for the same offense if jeopardy has not attached to the first indictment. The government may then select the indictment under which to proceed at trial."); *United States v. Chester*, No. 13 CR 00774, 2017 WL 3394746, at *48 (N.D. Ill. Aug. 8, 2017) ("[I]t is not true that a superseding indictment 'replaces' the previous indictment in the sense of nullifying it. … An indictment remains valid until the court grants a motion to dismiss it; it is not the case that 'a superseding indictment instantaneously nullifies the original indictment.'") (citations omitted).

924(c)(3). For the reasons explained in this Order, Defendant's Motion to Dismiss Count 1 is **denied**. However, with respect to Count 2, the Court will continue to take the motion under advisement.

## I. BACKGROUND

This matter is set for jury trial beginning on May 5, 2025, with jury selection to begin on May 2, 2025. The eight-count Second Superseding Indictment charges McDonald with the following: Count One: Murder in Aid of Racketeering Activity (the "VICAR offense"); Count Two: Brandishing and Discharging a Firearm During a Crime of Violence; Count Three: Possession of a Firearm by a Convicted Felon; Count Four: Sex Trafficking by Force, Fraud, or Coercion; Count Five: Sex Trafficking by Force, Fraud, or Coercion; Count Six: Enticing an Individual to Travel in Interstate Commerce to Engage in Prostitution; Count Seven: Interstate and Foreign Travel or Transportation in Aid of Racketeering Enterprises; and Count Eight: Interstate and Foreign Travel or Transportation in Aid of Racketeering Enterprises. (Filing No. 210).

As relevant here, Count 1 specifically charges that McDonald, "for the purpose of maintaining and increasing his role in the Kristopher McDonald Organization, an enterprise engaged in racketeering activity, did murder Tre Shawn Glenn, in violation of Indiana Criminal Code Section 35-42-1-1(2); to wit, McDonald killed Glenn while committing the offense of promoting human sexual trafficking." *Id.* at 5. Count 2 specifically charges that McDonald "did knowingly brandish, carry, and use a firearm, and that firearm discharged, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States; to wit, McDonald carried, brandished, and discharged a .40 caliber Glock Model 23 handgun … during and in relation to the crime charged in Count One of this Superseding Indictment." *Id.*

## II.  LEGAL STANDARD

Under Federal Rule of Criminal Procedure 12, a defendant may, before trial, challenge the sufficiency of the indictment by arguing that the indictment fails to state an offense. Fed. R. Crim. P. 12(b)(3)(B)(v). On a motion to dismiss, "[a]n indictment is reviewed on its face, regardless of the strength or weakness of the government's case." *United States v. White*, 610 F.3d 956, 958 (7th Cir. 2010).

## III.  DISCUSSION

McDonald challenges the sufficiency of the Indictment on two grounds. First, he argues that because Count 1 is predicated upon felonies which do not constitute "crimes of violence" as defined by 18 U.S.C. § 16, Count 1 must be dismissed. Second, he claims that because Count 2 is predicated upon the felony murder charged in Count 1, and felony murder is not a crime of violence, Count 2 must also be dismissed. (Filing No. 174). The Government responds that the VICAR offense charged in Count 1 does not require showing that the predicate felony is a crime of violence. (Filing No. 188). The Government also argues that even where it is required to prove that the predicate offense is a crime of violence, Indiana felony murder squarely fits the definition provided in 18 U.S.C. §§ 16, 924(c)(3). *Id.*

Count 1 charges McDonald with murdering Tre Shawn Glenn in violation of Ind. Code § 35-42-1-1 to maintain or increase his position in the Kristopher McDonald enterprise, all in violation of 18 U.S.C. § 1959(a) (the "VICAR statute"). Under § 1959(a), an individual "shall be punished" if "for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, [he] murders, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual in violation of the laws of any State or the United States."

3

18 U.S.C. § 1959(a). To obtain a conviction for the VICAR murder offense charged in Count 1, the Government must prove: (1) the existence of an "enterprise," as defined in 18 U.S.C. § 1959(b)(2); (2) the enterprise engaged in "racketeering activity," as defined in 18 U.S.C. § 1959(b)(1); (3) McDonald committed murder in violation of Ind. Code § 35-42-1-1, Indiana's felony murder statute; and (4) McDonald committed the murder for the purpose of gaining entrance to or maintaining or increasing position in the enterprise. *See United States v. Phillips*, 239 F.3d 829, 845 (7th Cir. 2001).

The Government rightly argues that § 1959(a) does not require the Government to prove that Indiana felony murder, the crime upon which the VICAR offense is based, constitutes a "crime of violence." The structure of § 1959(a) makes clear that the term applies only to the offense of "threaten[ing] to commit a crime of violence" in violation of state or federal law. Although the statute is titled, "Violent Crimes in Aid of Racketeering," Congress has attached a specific meaning to the term "crime of violence," limiting the term to a certain subset of violent crimes. *See* 18 U.S.C. §§ 16, 924(c)(3)(1). Each offense listed in § 1959(a) is independent from one another, and the murder upon which the VICAR offense could be based may or may not qualify as a "crime of violence" as defined by statute. Therefore, McDonald's Motion to Dismiss Count 1 is **denied**.

Count 2 alleges that McDonald carried, brandished, and discharged a firearm during and in relation to the crime charged in Count 1—that is, the murder of Tre Shawn Glenn—in violation of 18 U.S.C. § 924(c)(1)(A). Section 924(c)(1)(A) provides that "any person who, during and in relation to any crime of violence … uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall" be sentenced according to certain criteria. 18 U.S.C. § 924(c)(1)(A). For purposes of § 924(c), the term "crime of violence" means an offense that is a

4

felony and "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

In *United States v. States*, 72 F.4th 778 (7th Cir. 2023), the Seventh Circuit explained that courts must employ the "categorical approach" to determine whether an offense meets the "crime of violence" definition in 18 U.S.C. § 924(c)(3). Neither the original Motion to Dismiss nor the responses thereto address the categorical approach as described in *States* or employs the categorical approach when arguing whether the offense charged in Count 1 meets the "crime of violence" definition found in § 924(c)(3). As such, the parties are **directed** to submit further briefing on whether the felony murder upon which Count 2 is predicated constitutes a "crime of violence" under the categorical approach, and whether the Second Superseding Indictment (Filing No. 210) cures the defects discussed during the final pretrial conference held on April 16, 2025.

### IV.   CONCLUSION

For the reasons explained above, Defendant's Motion to Dismiss Count 1 (Filing No. 174) is **DENIED**. The Court continues to **take under advisement** the Motion to Dismiss Count 2. The parties are **ORDERED** to submit further briefing on whether, under the categorical approach, the crime charged in Count 2 constitutes a "crime of violence" by noon on **Tuesday, April 29, 2025**.

**SO ORDERED**.

Date:   4/25/2025

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bradley.blackington@usdoj.gov

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
michelle.brady@usdoj.gov

Charles C. Hayes
HAYES RUEMMELE LLC
charles@chjrlaw.com

Jane Ruemmele
HAYES RUEMMELE LLC
jane@chjrlaw.com