UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) CAUSE NO.: 1:24-cr-90-TWP-MJD |
| vs. | ) |
| | ) |
| KRISTOPHER MCDONALD, | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

### DEFENDANT'S SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS COUNT 2 OF THE SUPERSEDING INDICTMENT

Comes now, Kristopher McDonald and moves to dismiss Counts 1 and 2 of the Indictment, for the reasons set forth below:

1. Count 1 is a VICAR count, based on the commission of felony murder, as defined under Indiana law, committed during the course of a felony, to wit, Promoting Human Sex Trafficking, as defined under Indiana Law.

2. Count 2 is brought under 18 USC §924, based on the commission of a crime of violence, the VICAR conviction under count 1.

3. Count 2 is therefore contingent on Count 1, and if Count 1 falls, so does Count 2.

4. Under the analysis set forth below, count 2 falls even if Kris is convicted of Count 1.

### 5. Felony Murder is not a Crime of Violence

6. Felony murder, as set forth below, does not require that Kristopher McDonald be the shooter.

7. A crime of violence is separately defined under federal law:

> 18 U.S. Code § 16 - Crime of violence defined
>
> The term "crime of violence" means—

>   (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>   (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

8. It is undisputed that humans sex trafficking is not a crime of violence and the felony murder in this case is predicated on the commission of a crime that is not a crime of violence.

9. Felony murder under Indiana law does not have a *mens rea*.

10. In *Borden v. United States*, 593 U.S. 420 ( 2021), the US Supreme Court held that a *mens rea* of recklessness did not qualify as violent felonies under the Armed Career Criminal Act (ACCA), 18 U.S.C.S. § 924(e), because they did not require, as ACCA did, the active employment of force against another person, and they were not the stuff of armed career criminals.

11. If the *mens rea* of recklessness does not satisfy the definition of a crime of violence, then no *mens rea* at all is worse.

12. In *Delligatti v. United States*, decided March 21, 2025, the US Supreme Court decided that omissions and commissions are treated the same under the law, and a knowing or intentional causation of injury or death, whether by act or omission necessarily involved the use of physical force against another person, and thus qualified as a crime of violence.

13. "Against another person" specifies that the required object of the force of another person must be targeted (knowingly or intentionally, rather than negligently or recklessly), explaining that whenever an offender deliberately causes bodily harm by omission, he necessarily makes another person the conscious object of physical force. *Id.*

14.    The US Supreme Court in *Delligatti* made it clear that reckless and negligent *mens rea* do not satisfy the definition of a crime of violence.

15.    Felony murder predicated on the commission of a crime that is not itself a crime of violence is also beyond the definition of a crime of violence.

16.    The Seventh Circuit in *United States v. States* 72 F. 4th 778 (7 Cir. 2023) analyzed a attempted murder charge under the category approach, holding that an attempt conviction is a crime of violence, when the government proves the defendant intended to commit each element of the completed offense, and an element of the crime includes the use of physical force against another person Thus, attempted murder is a the attempted use of physical force against the person or property of another, and is a valid predicate for a 924 (c).  In so doing, the court also discussed felony murder, stating:

> Felony murder, in contrast, does not categorically involve the use of force within the meaning of § 924(c).  Under federal law, felony murder is a killing during the commission of one of the offenses enumerated in 18 U.S.C. § 1111(a), and that killing can be unintentional. *Dean v. United States*, 556 U.S. 568, 575, 129 S. Ct. 1849, 173 L. Ed. 2d 785 (2009); *United States v. Delaney*, 717 F.3d 553, 556 (7th Cir. 2013).  Thus, felony murder does not have as an element the "use ... of physical force" because § 924(c)(3)(A) requires the purposeful or knowing application of force. *See Borden v. United States*, 141 S. Ct. 1817, 1825-28, 210 L. Ed. 2d 63 (2021) (plurality op.) (interpreting analogous language in § 924(e)(2)(B)(i)).

Id, at footnote 11.

17.    Thus, felony murder is not a crime of violence according to the Seventh Circuit.

WHEREFORE, the Defendant, by counsel, respectfully requests an order dismissing count 2, and for all other just and proper relief.

Respectfully submitted,

HAYES RUEMMELE LLC

/s/ *Jane H.Ruemmele*
Jane H. Ruemmele, 6555-49
22 E. Washington St. Ste. 610
Indianapolis IN 46204
T: 317-491-1050; F: 317-491-1043
jane@chjrlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Jane H.Ruemmele*

Jane H. Ruemmele, 6555-49

22 E. Washington St. Ste. 610
Indianapolis IN 46204
T: 317-491-1050
F: 317-491-1043
jane@chjrlaw.com