UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cr-00090-TWP-MJD |
| | ) | |
| KRISTOPHER MCDONALD | ) | |
| a/k/a BARONE SANTIAGO | ) | |
| a/k/a SOLJA, | ) -01 | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT 2**

This matter is before the Court on Defendant Kristopher McDonald's ("McDonald") request that the Court Dismiss Count 2 of the Second Superseding Indictment (Filing No. 174). The Court previously **denied** McDonald's Motion to Dismiss Count 1 and continued to take the Motion under advisement with respect to Count 2. (Filing No. 219). Pursuant to the Court's April 25, 2025, Order, the parties submitted additional briefing on whether, under the categorical approach, the crime charged in Count 2 constitutes a "crime of violence" under 18 U.S.C. § 924(c)(3). For the reasons explained below, the Court finds that it does, and the Motion to Dismiss Count 2 is **denied**.

## I.  BACKGROUND

This matter is set for jury trial beginning on May 5, 2025, with jury selection to begin on May 2, 2025. The eight-count Second Superseding Indictment charges: Count One: Murder in Aid of Racketeering Activity (the "VICAR offense"); Count Two: Brandishing and Discharging a Firearm During a Crime of Violence; Count Three: Possession of a Firearm by a Convicted Felon; Count Four: Sex Trafficking by Force, Fraud, or Coercion; Count Five: Sex Trafficking by Force,

Fraud, or Coercion; Count Six: Enticing an Individual to Travel in Interstate Commerce to Engage in Prostitution; Counts Seven and Eight: violation of the Travel Act.  (Filing No. 210).

As relevant here, Count 1 specifically charges that McDonald, "for the purpose of maintaining and increasing his role in the Kristopher McDonald Organization, an enterprise engaged in racketeering activity, did murder Tre Shawn Glenn, in violation of Indiana Criminal Code Section 35-42-1-1(2); to wit, McDonald killed Glenn while committing the offense of promoting human sexual trafficking." *Id.* at 5.  Count 2 specifically charges that McDonald "did knowingly brandish, carry, and use a firearm, and that firearm discharged, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States; to wit, McDonald carried, brandished, and discharged a .40 caliber Glock Model 23 handgun … during and in relation to the crime charged in Count One of this Superseding Indictment." *Id.*

## II.     LEGAL STANDARD

Under Federal Rule of Criminal Procedure 12, a defendant may, before trial, challenge the sufficiency of the indictment by arguing that the indictment fails to state an offense.  Fed. R. Crim. P. 12(b)(3)(B)(v).  On a motion to dismiss, "[a]n indictment is reviewed on its face, regardless of the strength or weakness of the government's case."  *United States v. White*, 610 F.3d 956, 958 (7th Cir. 2010).

## III.     DISCUSSION

McDonald argues that Indiana felony murder is not categorically a "crime of violence" under 18 U.S.C § 924(c)(3) because the felony murder statute, Ind. Code § 35-42-1-1(2), does not contain a *mens rea* for the killing itself; rather, Indiana courts require the Government to show only that the Defendant intended to commit the underlying felony.  (Filing No. 230).  The Government maintains that Indiana felony murder is categorically a "crime of violence" because

it carries a *mens rea* of malice aforethought. (Filing No. 234). The Government points to cases in other circuits where courts have held that "malice" is more serious than mere "recklessness," and is therefore sufficient to satisfy the *mens rea* requirement laid out in *Borden v. United States*, 593 U.S. 420 (2021).

Section 924(c)(3)(A), known as the "force clause" or the "elements clause," defines "crime of violence" as an offense that is a felony and "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Under Indiana Code § 35-42-1-1, a person who "kills another human being while committing or attempting to commit … promotion of human sexual trafficking … commits murder, a felony." Ind. Code § 35-42-1-1(2).

To determine whether Indiana felony murder is a "crime of violence" under the elements clause, courts must apply the "categorical approach," which asks whether the felony at issue "always requires the government to prove—beyond a reasonable doubt, as an element of its case––the use, attempted use, or threatened use of force" against the person or property of another. *United States v. States*, 72 F.4th 778 (7th Cir. 2023) (citing *United States v. Taylor*, 596 U.S. 845, 850 (2022)). In *Borden v. United States*, the United States Supreme Court held that criminal offenses that require only a *mens rea* of recklessness cannot qualify as crimes of violence. 593 U.S. 420, 429 (2021). In so holding, the court explained that "[t]he phrase 'against another,' when modifying the 'use of force' [in the elements clause], demands that the perpetrator direct his action at, or target another individual." *Id.* Because "[r]eckless conduct is not aimed in that prescribed manner," crimes with a *mens rea* of recklessness cannot qualify as crimes of violence under the elements clause. *Id.*

3

There are four mental states by which an accused may become criminally liable: purpose, knowledge, recklessness, and negligence. *Id.* at 426. A person acts purposefully when he "consciously desires a particular result." *Id.* He acts knowingly when he is "aware that a result is practically certain to follow from his conduct, whatever his affirmative desire." *Id.* (citations and quotation marks omitted). By contrast, a person acts recklessly when he "consciously disregards a substantial and unjustifiable risk." *Id.* at 427. The *Borden* court reasoned that recklessness is a less culpable mental state because it involves "insufficient concern with a risk of injury." *Id.* at 427. The Court reserved for another day the question whether offenses with mental states between knowledge and recklessness fall within the elements clause. *Id.* at 429 n. 4.

McDonald is correct that to establish the elements of felony murder under Indiana law, the Government "need not prove intent to kill, only the intent to commit the underlying felony." *Layman v. State*, 17 N.E.3d 957, 961–62 (Ind. Ct. App. 2014) (citing *Exum v. State*, 812 N.E.2d 204, 207 (Ind. Ct. App. 2004)). But the Government argues persuasively that Indiana felony murder requires a *mens rea* of more than recklessness. Indiana courts have stated that the felony murder statute applies "only to felonies that are inherently or foreseeably dangerous to human life." *Layman*, 17 N.E.3d at 968 (May, J., concurring); *see also Palmer v. State*, 704 N.E.2d 124, 126 (Ind. 1999) (a person is criminally responsible for a homicide where "the accused reasonably should have … foreseen that the commission of or attempt to commit the contemplated felony would likely create a situation which would expose another to the danger of death"). As another court in this circuit has explained, "most modern felony murder statutes limit the crime to a list of specific felonies … which involve a significant prospect of violence." *Burris v. Farley*, 845 F. Supp. 636, 646 (N.D. Ind. 1994). In other words, when a perpetrator commits felony murder, more than consciously disregarding a substantial risk, the perpetrator acts with "a species of reckless

behavior so willful and wanton, so heedless of foreseeable consequences, and so indifferent to the value of human life that it supplies the element of malice." *United States v. Manley*, 52 F.4th 143, 150 (4th Cir. 2022); *see also Burris*, 845 F. Supp. at 646 (noting that "[c]ourts have developed certain forms of implied 'malice aforethought' including … the 'felony-murder doctrine.'").

The Court, nor the parties, have identified a Seventh Circuit case addressing whether crimes with a *mens rea* between knowledge and recklessness constitute crimes of violence. The Court is nevertheless persuaded by the Courts of Appeal which have held that "malice" is more than mere recklessness and close enough to "knowledge" and "purpose" to fall within the confines outlined by the Supreme Court in *Borden*. In *Manley*, for example, the Fourth Circuit explained that "[i]n the absence of express malice, the malice element may only be implied from conduct likely to cause death or great bodily harm, willfully or purposefully undertaken." 53 F.4th at 149–50 (citations and quotation marks omitted). The *Manley* court reasoned that "[w]hile this definition may not describe precisely the 'practically certain' state of 'knowing,' it comes close"; therefore, "this formulation necessarily requires conduct that uses physical force *against* another, as required by the definition of a crime of violence in § 924(c)(3)(A)." *Id.* at 151.

The Tenth Circuit reached a similar conclusion in *United States v. Kepler*, 74 F.4th 1292 (10th Cir. 2023). In holding that depraved-heart second-degree murder is a crime of violence, the *Kepler* court explained that such murder "does not require conduct intended to harm, nor that a defendant target his conduct at any particular individual, but … the conduct is fairly characterized as extreme and necessarily oppositional because a defendant certainly must be aware that there are potential victims before he can act with indifference toward them." *Id.* at 1304 (quoting *United States v. Begay*, 33 F.4th 1081, 1095 (9th Cir. 2022) (en banc)).

So too, here. Although Indiana's felony murder statute does not require the Government to prove an intent to kill, the conduct is fairly characterized as oppositional because the accused "reasonably should have … foreseen that the commission of … the contemplated felony would likely create a situation which would expose another to the danger of death." *Palmer*, 17 N.E.3d at 962. Killing another person during the course of any one of the enumerated felonies in Ind. Code § 35-42-1-1(2) necessarily involves the use of force "against the person of another" and qualifies as a crime of violence under the elements clause.

### IV.     CONCLUSION

The Court previously determined that dismissal of Count 1 of the Second Superseding Indictment is not warranted (*see* Filing No. 129), and in this Order declines to dismiss Count 2. Accordingly, Defendant's Motion to Dismiss Counts 1 and 2 of the Indictment (Filing No. 174) is **DENIED**.

   **SO ORDERED**.

   Date:   4/30/2025

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bradley.blackington@usdoj.gov

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
michelle.brady@usdoj.gov

Charles C. Hayes
HAYES RUEMMELE LLC
charles@chjrlaw.com

Jane Ruemmele
HAYES RUEMMELE LLC
jane@chjrlaw.com