UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:24-cr-00090-TWP-MJD |
| | ) | |
| KRISTOPHER MCDONALD | ) | |
|   a/k/a BARONE SANTIAGO | ) | |
|   a/k/a SOLJA, | ) -01 | |
| | ) | |
| Defendant. | ) | |

## ENTRY ON THE EXCLUSION OF EXHIBIT 606 AS EVIDENCE

During the trial of this matter, Defendant presented an offer of proof concerning the admissibility of Defendant's Exhibit 606, an October 12, 2023 "toxicology drug screens report" obtained from Ascension St. Vincent Hospital concerning Shyanne Williams ("Williams"). For the reasons explained below, the Government's objection to admissibility of the exhibit was **sustained**.

## I. DISCUSSION

On March 3, 2025, the Court ordered Ascension St. Vincent Hospital to release to defense counsel medical records for Shyanne Williams obtained on the day of the shooting in this case, October 11, 2023. (Filing No. 111). The medical records were then placed under a Protective Order. (Filing No. 112). On April 9, 2025, Defense counsel submitted the medical records for *en camera* review, and the Court determined the records were acceptable and in compliance with the restrictions set forth in the Protective Order. (*See* Filing No. 203).

Contained within the medical records was a toxicology screening report purporting to show that Ms. Williams tested negative and/or positive for various narcotic drugs when she was admitted to the hospital on October 11, 2023. As part of his case-in-chief, the Defendant sought to introduce

1

the toxicology report under the business records exception to the rule against hearsay through the proffered testimony of James Starbuck ("Starbuck").

In a proffer, outside the presence of the jury, Starbuck testified that he has a master's degree in microbiology and works as a certified medical laboratory scientist at Quest Diagnostics. He explained that he reviewed the medical records provided by Ascension St. Vincent Hospital and understood the document to be kept in the ordinary course of business. Starbuck is experienced in running tests like those contained in the report, but he did not run the particular urine test at issue in this case. The lab report on its face indicates it is not for forensic purposes, and Starbuck testified "there is no chain of custody or anything like that on this particular result." Rather, the screen is for medical use only and Starbuck could not testify as to when the urine sample was collected, whether the protocol for taking and screening was followed, nor could he state that the urine sample collected was actually obtained from Shyanne Williams.

The Government objected to the admission of Exhibit 606 and to the introduction of Starbuck's testimony on three grounds. First, the Government argued that the report constituted double hearsay because it contained out-of-court statements by individuals other than Starbuck who performed the urine tests. Second, the Government argued that Starbuck's testimony was irrelevant because he could not establish a chain of custody for the urine samples from which the report was developed. Finally, the Government argued that Starbuck was not qualified to testify as an expert witness because his testimony would not be based on sufficient facts or data, and therefore, would not help the trier of fact determine a fact in issue.

The Court agreed with the Government on all fronts. The toxicology report contains hearsay: defense counsel sought to introduce the test results within the report for the truth of the matter asserted—that is, to show that Ms. Williams tested negative for cocaine on the day of the

shooting. Out-of-court statements offered for the truth of the matter asserted are generally inadmissible under Rule 802 of the Federal Rules of Evidence unless an exception applies. To that end, defense counsel argued that the report fell within the business records exception contained in Rule 803(6)(E), which provides:

> A record of an act, event, condition, opinion, or diagnosis [is not excluded by the rule against hearsay] if:
> (A) the record was made at or near the time by – or from information transmitted by – someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted business activity;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of a custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).

The Court disagreed. Defense counsel could not show that the record was made at or near the time by someone with knowledge because Starbuck did not work at Ascension St. Vincent Hospital and did not perform the urine test. Moreover, under Rule 803(6)(E), the source of information in the report indicates a lack of trustworthiness. Starbuck had no personal knowledge as to how the test was performed and the results obtained and he could not say for certain that the urine that was tested in fact belonged to Ms. Williams. He could not testify as to the methodology used to test the urine, when the test was performed, how the report was prepared, or any other circumstances surrounding the report's accuracy. Accordingly, defense counsel could not show that the business records exception applied.

Second, the Court determined the report was inadmissible because defense counsel had not properly authenticated it as required by Rule 901(a) of the Federal Rules of Evidence. Authentication is proper under Rule 901(a) if the proponent presents "evidence sufficient to support a finding that the item is what the proponent says it is." Fed. R. Evid. 901(a). The proponent may meet this burden by offering evidence establishing the item's chain of custody or the testimony of a person with knowledge that the item accurately reflects what the proponent says it reflects. *See United States v. Emerson*, 501 F.3d 804, 814 (7th Cir. 2007).

As explained above, Starbuck did not have personal knowledge about how the report was obtained or the tests conducted, so he could not properly authenticate it for purposes of its admission. In addition, Defense counsel offered no evidence to establish the report's chain of custody. Counsel offered no witnesses to testify regarding when or how the report was made, how the drug tests were conducted, from whom the urine was obtained and on what date. Counsel was in possession of the medical records for nearly a month before trial began and could have subpoenaed a lab technician or another Ascension St. Vincent Hospital employee to authenticate the report and the drug tests therein. Because counsel failed to do so, the record was inadmissible under Rule 901(a).

Finally, to the extent defense counsel sought to offer Starbuck as an expert witness, the Court found that his testimony did not satisfy the requirements of Rule 702 of the Federal Rules of Evidence or the United States Supreme Court's opinion in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). The Rule provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

4

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702. Under the *Daubert* framework, courts use a three-part analysis. *Myers v. Ill. Cent. R.R. Co.*, 629 F.3d 639, 644 (7th Cir. 2010). "The rubric for evaluating the admissibility of expert evidence considers whether the expert was qualified, whether his methodology was scientifically reliable, and whether the testimony would have assisted the trier of fact in understanding the evidence or in determining the fact in issue." *Hartman v. EBSCO Indus., Inc.*, 758 F.3d 810, 817 (7th Cir. 2014). The "proponent of the expert bears the burden of demonstrating that the expert's testimony would satisfy the *Daubert* standard" by a preponderance of the evidence. *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 705 (7th Cir. 2009).

The Defendant could not carry his burden with respect to Starbuck's testimony. The Court acknowledged that counsel had likely shown that Starbuck was an expert in his field of chemistry or microbiology but failed to show that his testimony reflected a reliable application of the principles and methods to the facts of this case. Starbuck admitted that he could not say for certain whether the scientists at Ascension St. Vincent Hospital applied reliable principles and methods to obtain the results of the drug tests. He could not testify that the urine tested belonged to Shyanne Williams. Therefore, his testimony would not reflect a reliable application of scientific principles and methods to the facts of this case and would not assist the jury in determining whether Ms. Williams was under the influence of cocaine on the day of the shooting.

At bottom, the Defendant failed to provide sufficient support for the admission of Exhibit 606, either through the testimony of someone with personal knowledge of the matter or through

the testimony of an expert witness. For these reasons, the Government's objections are **SUSTAINED**.

**SO ORDERED**.

Date: 5/14/2025

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bradley.blackington@usdoj.gov

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
michelle.brady@usdoj.gov

Charles C. Hayes
HAYES RUEMMELE LLC
charles@chjrlaw.com

Jane Ruemmele
HAYES RUEMMELE LLC
jane@chjrlaw.com